**COASTAL CHEMICAL CORPORATION,**
**Appellant,**

**v.**

**FILTROL CORPORATION, Appellee.**

**No. 23179.**

United States Court of Appeals
Fifth Circuit.

March 13, 1967.

---

John C. Satterfield, Hollaman M. Raney, and Satterfield, Shell, Williams & Buford, Yazoo City, Miss., for appellant.

Earl T. Thomas, Erskine W. Wells, Wells, Thomas & Wells, and Robert G. Gillespie, Jr., Jackson, Miss., for appellee.

Before BELL and GODBOLD, Circuit Judges, and NOEL, District Judge.

PER CURIAM:

This suit claims breach of a requirements contract for purchase by defendant from plaintiff of sulphuric acid required by defendant in the conduct of its business. We affirm the decision of the trial court (without a jury) for defendant.

Plaintiff claims the contract arose out of a letter from plaintiff to defendant, which it concedes recited terms not previously discussed by the parties. Plaintiff admits the defendant never expressly assented to the proposals and terms of the letter, but contends it accepted them by repeated purchases of acid under the terms of the letter, creating a bilateral contract.

In several respects the combination of letter plus purchases fails to establish the certainty, unconditional obligations, and mutuality necessity for a requirements contract. See Annotation at 26 A.L.R.2d 1139; 1A Corbin on Contracts § 157. The letter was not couched in language calling for acceptance or rejection and ended with the sentence "We will work out a detailed contract with you at a mutually agreeable time." We agree with the trial court that the letter was no more than a memorandum of proposed terms to be considered in working out a contract; it was not even in form an unconditional offer by plaintiff to sell defendant all sulphuric acid required in defendant's business. We agree that it was regarded by the parties as a mere step in negotiations between them which were never consummated, and that purchases of merchandise at the price stated in the letter did not constitute acceptance of all terms and conditions recited in the letter. We think it clear also from subsequent dealings between the parties that neither considered itself bound by any such alleged agreement until defendant ceased purchasing from plaintiff and plaintiff then claimed this to be a breach.

We find no error in the decision of the trial court, in fact fully agree with it.

Affirmed.